John Soeder, 1609 Auburn Avenue, Cleveland, Ohio v. Commissioner.
Soeder v. Commissioner
Docket No. 110505.
United States Tax Court
1943 Tax Ct. Memo LEXIS 517; 1 T.C.M. (CCH) 393; T.C.M. (RIA) 43013; January 9, 1943
*517 Thomas F. Callahan, Esq., for the respondent. DISNEY
Memorandum Findings of Fact and Opinion DISNEY, Judge: This proceeding involves deficiencies in income tax and fraud penalties determined by the Commissioner as follows: Deficiency
Year
in tax
Penalty
1931
$ 27.68
$ 13.84
1932
610.17
334.21
1933
117.23
70.21
1934
688.95
344.48
The petitioner failed to appear at the hearing, whereupon respondent's counsel moved that we find the taxes asserted for the taxable years to be due and payable for failure of petitioner properly to prosecute. The only evidence submitted was in support of the penalties determined. Findings of Fact The petitioner is an individual residing in Cleveland, Ohio. At all times material, he was president and owned of 99 per cent of the capital stock of Maple Leaf Dairy Co., of Cleveland. He filed his income tax returns for the taxable years with the collector for the eighteenth district of Ohio. Gross income and deductions were reported as follows: Income
1931
Salary
$9,550.00
Less expenses paid
0
$9,550.00
1932
Salary
8,012.08
Less expenses paid
647.10
7,264.98
1933
Salary
6,639.15
Less expenses paid
482.10
6,157.05
1934
Salary
9,600.00
Less expenses paid
872.49
8,727.51
*518 Deductions
None
Church and Community Fund
$200.00
St. Augustine's Church
250.00
Taxes
4.95
Contributions
250.00
254.95
Net income reported by petitioner and adjustments thereto made by respondent were as follows: . Net Income
Reported
Additional Income
1931
$9,550.00
$ 3.49 interest
6,906.99 dividends
1932
7,164.98
4,785.02 salary
.83.41 interest
5,433.00 dividends
1933
5,907.05
1,942.95 salary
68.70 interest
1934
8,472.56
872.49 salary
196.25 interest
8,332.15 dividends
Additional deductions
Net Income
& nontaxable income
Adjusted
$1,450.00 salary reduced
$15,010.48
21.08 taxes
17,445.33
none
7,918.70
none
17,873.45
The amounts labeled dividends and added to reported income represent payments of money determined by the respondent to have been owing to Maple Leaf Dairy Co., but to have been made to and retained by petitioner for his own use during the taxable years, and not reported on his returns. The general ledger of Maple Leaf Dairy Co. showed credits to petitioner's account for salary and dividends in the year 1932 in the amount of $12,150., and for salary or dividends in the year 1933 *519 in the amount of $8,100. The amounts added by respondent, as salary, to reported net income for 1932 and 1933, respectively, equal the excess of such book credits over salary reported for those years. In addition to income reported by him, the petitioner received income as follows: 1932
$4,785.02 salary
5,433.00 dividends
1933
1,942.95 salary
1934
872.49 salary
196.25 interest
8,332.15 dividends
By an indictment filed July 2, 1940, in the United States District Court for the Northern District of Ohio, Eastern Division, petitioner was charged with falsifying his income tax return filed for the year 1934. The indictment alleged that he received salary, interest, and dividends, and had net taxable income for 1934 in the same respective amounts as determined by respondent in the instant proceeding, and, in substance, that the understatements of income on his return were made by petitioner wilfully with intent to evade tax. By another indictment, filed at the same time, he was charged with preparing and filing fraudulent income and excess profits tax returns for Maple Leaf Dairy Co. for its taxable years ended June 30, 1934, and June 30, 1935. On November 8, 1940, petitioner *520 appeared before the Court, withdrew earlier pleas of not guilty, and entered pleas of guilty to both indictments. Opinion This proceeding involves a redetermination of both deficiencies in tax, and 50 per cent penalties determined because of fraud alleged. The petitioner failed to appear at trial and motion to find tax as asserted to be due and payable for failure to prosecute was sustained. Therefore decision will be entered for the deficiencies in income tax for the years 1931, 1932, 1933 and 1934, in the amounts determined by the Commissioner. There remains the question as to penalties determined. Although the petitioner did not appear, the respondent, recognizing that the burden of proof as to the fraud penalties was upon him, adduced evidence in support of this amended answer alleging intent to evade tax and fraudulent failure to report income for all the years 1931 to 1934, inclusive. The evidence so adduced, in our opinion, sustains the respondent's burden, to the extent hereinafter indicated. Such evidence shows, as to the year 1934, that the petitioner pleaded guilty to an indictment alleging fraudulent income tax returns. Such evidence is sufficient. ; *521 . As to the years 1931, 1932 and 1933, the evidence shows that the petitioner was the owner of 99 per cent of the capital stock of Maple Leaf Dairy Co.; that he filed income tax returns for each of such years returning certain amounts as income; that on the books of Maple Leaf Dairy Co. for 1932 and 1933, he was credited with large amounts not so reported as income. A credit is regarded as a constructive receipt of income, unless affirmative evidence is offered of unavailability or uncollectibility. ; ; Paul and Mertens, Law of Federal Income Taxation, Vol. 1, p. 446. In both cases emphasis is laid upon the fact that the person receiving the credit was largely in control of the corporation involved. The petitioner here owned 99 per cent of Maple Leaf Dairy Co., and we consider and hold that he had the control over the income credited, which is required by the doctrine of constructive receipt. Though the burden was upon the respondent, we think that burden was met by the proof of the *522 credit and control of the corporation by the petitioner, and in the absence of evidence showing uncollectibility or unavailability of the credited income to the petitioner, we conclude that the amounts credited were constructively received by him. The unexplained failure to report such substantial amounts of income, under circumstances indicating that the petitioner knew these omitted amounts were taxable to him justifies, if indeed it does not compel, "the conclusion that at least a part of the deficiency for each of the taxable years is due to fraud with intent to evade tax." ; affd., ; ; . No proof was made of credits or receipt of interest in the years 1932 or 1933, or of dividends or interest in 1931. We, therefore conclude and hold that respondent has met his burden of showing amounts of income omitted from the petitioner's returns for 1932, 1933, and 1934, and that the omissions were due to the petitioner's fraud with intent to evade *523 tax, within the intent of section 293 (b), Revenue Acts of 1932 and 1934. Part of each of the deficiencies in tax for those years being due to fraud with intent to evade tax, petitioner is liable for penalties of 50 per cent of the total amounts of the deficiencies for 1932, 1933, and 1934. Decision in the amounts above indicated will be entered for the respondent.